## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL KENDRICK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 22-1431 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | Re: ECF No. 24 |
| CORRECTIONAL OFFICER GUSKIEWICZ | ) | |
| and CORRECTIONAL OFFICER JOHN | ) | |
| DOE *sued in their individual capacities*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Pending before the Court is a Motion to Compel Discovery filed by Plaintiff Paul Kendrick, an inmate at the State Correctional Institution at Fayette ("SCI-Fayette"). ECF No. 24. The motion is granted in part and denied in part.

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Kendrick brings this action *pro se* and asserts Eighth Amendment and state law negligence claims against two SCI – Fayette Correctional Officers. ECF No. 9. At this early stage of the litigation, the factual allegations in his Complaint are accepted as true.

Plaintiff asserts that on July 5, 2022, Defendant Correctional Officer Guskiewicz ("Guskiewicz ") taunted him, told him to kill himself, and threatened him with bodily harm. Id ¶¶ 7. Plaintiff filed a grievance related to this conduct and on July 20, 2022, Guskiewicz loudly announced to other inmates that Plaintiff "snitched" on him. Id. ¶¶ 8, 10. Guskiewicz encouraged other inmates to bang on Plaintiff's cell, drive him crazy, and "make him kill his self" in exchange for an extra tray of food. Id. ¶ 11. Several inmates accepted the offer and taunted Plaintiff while banging on cell doors and tables. Plaintiff was "feeling suicidal" and began banging his head and

pressing his emergency call button to report his mental distress. Id. ¶¶ 14-16. Defendant Correctional Officer John Doe was assigned as the control officer for Plaintiff's cell block, but failed to respond or act to assist Plaintiff. Instead, John Doe instructed Plaintiff to "write a request slip." Id. ¶¶ 17-18. As a result of this conduct, Plaintiff alleges claims for the deliberate indifference to his serious mental health needs, exposure to unconstitutional conditions of confinement, and John Doe's negligence for failing to report Plaintiff's expressions of suicidal ideation "through the proper channels." Id. ¶¶ 26-28.

Guskiewicz has filed an Answer and denies Plaintiff's allegations. ECF No. 17. Plaintiff has not identified John Doe and he has not been served with the Complaint. On April 13, 2023, Plaintiff filed his First Request for Production of Documents. The Court instructed Plaintiff that discovery requests are not to be filed unless required for use in a court proceeding. ECF Nos. 21, 22. Through the pending motion, Plaintiff states that he also served the request on Defendants on April 7, 2023, but did not receive a response by May 7, 2023. ECF No. 24 ¶¶ 2, 3. Plaintiff wrote to defense counsel and demanded an immediate response. He asserts that he received objections to four of his requests (Nos. 1, 6, 7, and 8) on May 12, 2023. Id. ¶ 4. Plaintiff tried to confer with Defendant's counsel but has not received a response to resolve the objections to his request. Thus, Plaintiff insists all objections are waived. Id.

Defendant responds that contrary to Plaintiff's representations, the discovery requests were received on April 13, 2023, and on May 2, 2023, counsel responded with all discoverable and existing documents, totaling over 700 pages. ECF No. 26 at 2. Defendant also objected to certain requests as permitted by Federal Rule of Civil Procedure 34. Defense counsel states she did not receive Plaintiff's correspondence dated May 7, 2023, or his correspondence dated May 13, 2023, but considering the timely served responses, no objections have been waived. Id. at 2-3.

## I.      LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) defines the permissible scope of discovery

as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows:
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to
> any party's claim or defense and proportional to the needs of the case, considering
> the importance of the issues at stake in the action, the amount in controversy, the
> parties' relative access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and whether the burden or
> expense of the proposed discovery outweighs its likely benefit. Information within
> this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The proper scope of discovery and the extent to which discovery may be compelled are

matters consigned to the Court's discretion and judgment. Rudolf v. Am. Int'l Grp., Inc., 2022 WL

2757684, at *1 (W.D. Pa. July 14, 2022). See also Wisniewski v. Johns–Manville Corp., 812 F.2d

81, 90 (3d Cir. 1987). A party moving to compel discovery bears the initial burden of

demonstrating the relevance of the requested information. Morrison v. Phila. Hous. Auth., 203

F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery

has the burden to establish the lack of relevance by demonstrating that the requested discovery

(1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1),

or (2) is of such marginal relevance that the potential harm occasioned by discovery would

outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litig.,

261 F.R.D. 570, 573 (D. Kan. 2009).

## II.     DISCUSSION

Before addressing the discovery requests that are at issue, the Court first turns to Plaintiff's

argument that Defendant waived objections to his discovery requests because Defendant failed to

timely respond. ECF No. 24 at 2-3. The Federal Rules of Civil Procedure provide that a party must

respond within thirty days of being served with requests for production of documents. See Fed. R. Civ. P. 43(b)(2)(A)-(C). The docket reflects that Plaintiff's discovery requests dated April 7, 2023, were received by the Court on April 13, 2023. As much as Plaintiff relies on service of the requests through the Court's electronic filing system, the deadline to respond within 30 days was May 13, 2023. Defendant responded on May 2, 2023. ECF No. 24-1 at 4. Thus, the Court finds that Defendant's response was timely and Defendant has not waived any objections set forth therein.

As to the substance of Plaintiff's motion and Defendant's response in opposition, ECF No. 26, the Court rules as follows.

### A. Production Request No. 1

Plaintiff requests the identity of John Doe, the Control Room Officer on J-Block on July 20, 2022, for the 2-10 PM shift. Defendant produced a roster of officers on duty that day and stated that John Doe could not be individually identified because the officers on each shift "relieve each other throughout the day." ECF No. 24-1 at 1. Through the response to the Motion to Compel, Defendant confirms that the assigned officer was Sergeant Burrie, but he may have been relieved by any officer on the roster for meals, bathroom, coffee, or any other breaks that Sergeant Burrie may have taken. ECF No. 26 at 4. The Court finds that under the circumstances, Defendant appropriately responded to the request with a roster of on-duty officers and produced sufficient available information to permit Plaintiff to inquire further through appropriate discovery to determine the identity of the officer who heard but allegedly ignored Plaintiff's calls for assistance. Thus, the Motion to Compel another response to Production Request No. 1 is denied as moot.[1]

---

[1] Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 4(m), the district court must dismiss an action without prejudice as to a defendant after notice to the plaintiff if service of the complaint is not made upon that defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). The language of Rule 4(m) is both clear and mandatory. Where there is an unjustified and unexcused failure to timely serve a complaint, the court "must dismiss the action." See Beckerman v. Susquehanna Twp. Police, 254 F. App'x 149, 154 (3d Cir. 2007). Thus, within 90 days of this Order, Plaintiff must identify and serve Defendant John Doe or this action will be dismissed against that defendant.

**B. Production Request No. 6**

Plaintiff requests a copy of his "complete medical and psychological records" from June 6, 2022, through the date of Defendant's response on May 7, 2023. ECF No. 24-1 at 3. Defendant provided Plaintiff a copy of his medical records for the period January 2022 through February 2023. Defendant objects to the production of Plaintiff's mental health records because the records are confidential and may be manipulated by Plaintiff to affect his treatment and diagnosis. Id.

The Court agrees that in the context of prisoner civil rights litigation, mental health provider opinions and evaluations are confidential, pose a valid security risk, and are not typically discoverable. See Carter v. Baumcratz, 2019 WL 652322, *2 (W.D. Pa. Feb. 15, 2019) (citing Banks v. Beard, 2013 WL 3773837, at *3 (M.D. Pa. July 17, 2013)) ("With respect to the mental health records, were they made available to inmates or the public, DOC professionals would tend to refrain from entering candid opinions and evaluations. Consequently, decision-makers would not have the benefit of honest observations from professionals in the field. Moreover, if an inmate knows how DOC staff will evaluate him and how particular behaviors are likely to be interpreted, he is capable of manipulating the resulting determination, which could lead to inaccurate assessments, improper institutional placements, and possible premature release from custody. Based on the foregoing, defendants will not be compelled to produce any portion of plaintiff's mental health record.").

That said, the dates that Plaintiff was treated or screened, and records of his verbal or written reports to mental health professionals concerning his mental health status on the relevant dates do not present security issues. Therefore, the Motion to Compel is granted in part. Defendant shall produce the requested records within 21 days, redacted to omit those portions of each record

that reflect the observations, diagnosis, or conclusions of a treating or screening mental health professional.

### C.  Production Request No. 7

Plaintiff seeks production of any record reflecting "verbal emergency complaints" lodged by him from July 1, 2022, through the date of Defendant's response. Defendant objected to the request as not sufficiently specific, but produced a copy of Plaintiff's grievance history. Defendant also stated that the "door control reporting system" was not installed until August or September 2022. Thus, there is no log for July 2022. ECF No. 24-1 at 3. Plaintiff asserts that Defendant's response incorrectly identifies the records he seeks. Plaintiff requests copies of logs or reports that reflect his complaints and allegations related to the incident at issue. ECF No. 24 at 5. The Motion to Compel is granted in part. Defendant shall conduct a document review within fourteen days to determine whether there are any incident reports or logs maintained by SCI – Fayette or J-Block staff that refer to Plaintiff's complaints and the incident(s) at issue on July 20, 2022. Defendant shall file a Notice of Compliance within 21 days of this Order explaining the steps taken to locate any documents, whether such documents exist, and whether they have been produced.

### D.  Production Request No. 8

Plaintiff seeks production of any grievances, logs, or other documentation of grievances submitted by SCI – Fayette inmates against Defendant Guskiewicz or Defendant John Doe from July 1, 2022, through the date of Defendant's response. Defendant objects because Plaintiff's request is over broad, unduly burdensome, not relevant to Plaintiff's claims, not proportional to the needs of the case, and privileged and confidential. ECF No. 24-1 at 3. Plaintiff asserts that this evidence is relevant and admissible under Federal Rule of Evidence 404(b) because it may

establish that the Defendants acted in conformity with a pattern of misconduct, or provide evidence of motive, the absence of mistake, or accident. ECF No. 24 at 5.

The Court finds this request is significantly overbroad and seeks information that is irrelevant or beyond the scope of this litigation. Further a thorough response likely would contain confidential information that relates to other inmates, and thus unduly infringe on the privacy interests of inmates who may have sought to grieve unrelated issues that they had with staff. Allen v. Eckard, No. 1:17-CV-996, 2019 WL 1099001, at *3 (M.D. Pa. Mar. 8, 2019). Defendant's objection is sustained and the motion to compel production of all grievances lodged against him is denied.

Accordingly, IT IS HEREBY ORDERED this 27th day of July 2023 that Plaintiff's Motion to Compel Discovery, ECF No. 24, is granted in part and denied in part.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed 14 days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely appeal will waive any appellate rights.

BY THE COURT:


*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE


cc:   Paul Kendrick
      MD1211
      SCI Fayette
      50 Overlook Drive
      LaBelle, PA 15450

All counsel of record via ECF